

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 14, 1960

Mr. Ned Price, Chairman
Industrial Accident Board
Walton Building
Austin, Texas

Dear Mr. Price:

Opinion No. WW-779

Re: Is the transfer of funds
provided for in House Bill
4, 56th Legislature, 3rd
Special Session, a valid
transfer of funds from Texas
Workmen's Compensation Fund
(#94) as created by House
Bill 433, 55th Legislature,
Regular Session, 1957.

We quote as follows from your recent letter:

"Is the transfer of funds provided for in
H.B. 4, 56th Legislature, 3rd Special Session, a
valid transfer of funds from the Texas Workmen's
Compensation Fund (#94) as created by H.B. 433,
55th Legislature, Regular Session 1957."

House Bill 4, Acts of the 56th Legislature, Third
Called Session provides as follows under the heading "Central
Education Agency" in Subsection C (2) of Section 20 in Article
IV of such act:

"For the Years Ending
August 31,      August 31,
   1960             1961

"(2) Out of any balances
remaining in the Workmen's
Compensation Fund (No. 94)
over and above the amounts
appropriated to the Indus-
trial Accident Board by
Article III of this Act,
there is also appropriated
to said Board for transfer
by interagency agreement to
the Central Education Agency
to be used in the rehabilita-
tion of injured workmen pur-
suant to H.B. No. 433, Fifty-
fifth Legislature, R.S., 1957,

|  | "For the Years Ending |  |
|---|---|---|
|  | August 31, 1960 | August 31, 1961 |
| such sums as may be available but not to exceed (Emphasis ours). | 45,000 | 45,000" |

House Bill 433, Acts of the 55th Legislature, Regular Session (Article 8306, Section 7) provides, in part, as follows:

"Upon receipt thereof, the Board shall promptly analyze each notice of injury incurred by an injured employee covered under this law. If the Board concludes that vocational rehabilitation is indicated in any such case, it immediately shall take the necessary steps to inform the injured employee of the services and facilities available to him under the Texas Program of Vocational Rehabilitation for Disabled Persons administered by the Vocational Rehabilitation Division of the Texas Education Agency and the Board immediately shall notify said Vocational Rehabilitation Division of such case. In each such case recommendation of services and facilities shall be made after consultation by the Board with the physician or chiropractor furnishing medical aid or chiropractic services as required by this Section, who shall retain general supervision of treatment of the injured employee and, should the employee request it, the Board shall consult with a physician or chiropractor of his own selection. The Board shall co-operate with said Vocational Rehabilitation Division with reference to the work of said Division in providing said services and facilities to injured employees covered under the provisions of this law." (Emphasis ours).

The same act in Section 28 provides in part:

"There is hereby established as a special fund, separate and apart from all public moneys or funds of this State, a Workmen's Compensation Fund which shall be used by the board for the purpose of paying costs of the administration of the law, in addition to amounts appropriated by the Legislature of the State of Texas. . . ." (Emphasis ours).

Since Section 38 of House Bill 433 provides for the payment of the taxes comprising the Workmen's Compensation Fund into the State Treasury, it follows that the funds cannot be expended except in pursuance of a specific appropriation by the Legislature. Section 6, Article VIII of the Texas Constitution; Attorney General's Opinion WW-378 (1958).

Clearly, the above quoted portion of House Bill 4 constitutes an appropriation by reason of "setting apart from the public revenue of a certain sum of money for a specific object in such a manner that the executive officers of the government are authorized to use that money and no more for that object and for no other". Attorney General's Opinions WW-96 (1957) and WW-378 (1959).

From the quoted portion of House Bill 4 it is equally clear that the Legislature intended to make an appropriation for the transfer of a portion of the Workmen's Compensation Funds, a special purpose fund created by general law, from the Industrial Accident Board to the Central Education Agency.

The Legislature is prohibited by Article VIII, Section 7 of the Texas Constitution from in any manner diverting from its purpose, any special fund that may, or ought to, come into the Treasury. This section of the Constitution refers, however, only to special funds established by the Constitution and not to special funds created by statute. Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W. 2d 966 (1945); Attorney General's Opinions V-107 (1947) and 0-5130 (1943).

General legislation cannot be included within a General Appropriation Bill, and a rider to a General Appropriation Bill cannot repeal, modify or amend an existing general law. Moore v. Sheppard, 144 Tex. 537, 192 S.W. 2d 559 (1946); Linden v. Finley 92 Tex. 451, 49 S.W. 578 (1899); State v. Steele, 57 Tex. 203 (1882); Attorney General's Opinions V-1254 (1951); WW-265 (1957); and WW-300 (1957).

From Section 7 of House Bill 433, Acts of the 55th Legislature, Regular Session, it may be seen that the general legislation creating the special fund known as the Workmen's Compensation Fund directs that such fund be used for the purpose of paying the costs of the administration of the Workmen's Compensation Law. It is also apparent from Section 28 of the same act that the Industrial Accident Board has a duty to cooperate with the Vocational Rehabilitation Division of the Texas Education Agency with reference to the work of said division in providing the services and facilities of such division to injured employees covered by the Workmen's Compensation Law. The Workmen's Compensation Law

clearly delegates certain duties to the Texas Education Agency to be performed under and by reason of this law and these duties are a part of its purpose.

There is nothing in House Bill 433 to indicate that the word "cooperate" means less than financial support. To the contrary, the word, being wholly unrestricted in the act, must be taken to mean cooperation without restriction as to form. It is a well known rule of statutory construction that words in a statute are ordinarily given a general operation and exceptions, exemptions and limitations will not be read into them. 39 Tex.Jur. 179, 183, Statutes, Secs. 95, 96. Financial cooperation by the Industrial Accident Board with the Vocational Rehabilitation Division, using moneys from the Workmen's Compensation Fund, is authorized.

Moreover, since the Inudstrial Accident Board is given the duty of cooperating financially and otherwise with the Vocational Rehabilitation Division of the Texas Education Agency in such respect, it follows that the Board has authority to transfer a portion of the Workmen's Compensation Fund for such purpose. Whenever a power and duty is given by statute everything necessary to make it effectual or requisite to attain the end is implied, such grants being construed so as to include the authority to do all things necessary to accomplish the objects of the grant. Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911); Moon v. Allred, 277 S.W. 787 (Tex.Civ.App. 1911, error dism.); Attorney General's Opinions O-3100 (1941) and MS-226 (1955). Therefore, it cannot be said that the provision of House Bill 4 in question authorizes the Board by rider in the Appropriation Bill to do something which it was not empowered to do under the general law. The subject portion of House Bill 4 merely determines how much may be transferred. That is a legislative prerogative. Linden v. Finley, supra.

It is true that House Bill 4 evidences a restriction by the Legislature over the use of the Workmen's Compensation Fund in appropriating for transfer a certain amount of the fund for one particular expense of the Board. However, as was said in Linden v. Finley, supra, "There is nothing in the Constitution which prohibits the Legislature from limiting any appropriation by any apt words expressive of their intent". The Legislature may even deny any appropriation for the performance of a statutory duty imposed by general law so long as it does not attempt to change that law. Attorney General's Opinion WW-265 (1957). It follows that the Legisalture may also appropriate a certain amount of money from a special fund in the Treasury to fulfill one of the lawful purposes of the fund and another amount from the fund to accomplish another lawful purpose of the fund, so long as it does not divert the money

from the lawful purposes of the fund or enact general legislation in so doing.

Since the fund in question was established for the express purpose of paying the cost of administering the Workmen's Compensation Act, and one of the legitimate costs of administering the act is the expense of cooperating financially with the Vocational Rehabilitation Division of the Central Education Agency in providing their services and facilities to employee-claimants, the subject appropriation for transfer is patently supported by and consistent with the general law creating the fund. We do not perceive any difference between the purpose of the Workmen's Compensation Fund and the purpose for which the funds are directed by House Bill 4 to be used; namely, paying the cost of administering the Workmen's Compensation Act.

By the same token, the subject provision of House Bill 4 does not amount to general legislation. It is but an appropriation for transfer to fulfill the purpose of general legislation by supplying funds with which to accomplish one of the objectives of such general legislation.

Accordingly, your question is answered in the affirmative.

## S U M M A R Y

The transfer of funds provided for in House Bill 4, 56th Legislature, 3rd Called Session, authorizes a valid transfer of funds from the Texas Workmen's Compensation Fund (#94) as created by House Bill 433, 55th Legislature, Regular Session, 1957.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Henry G. Braswell
Assistant

HGB:mg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Gordon C. Cass
C. Dean Davis
Marietta McGregor Payne

REVIEWED FOR THE ATTORNEY GENERAL
By:   Leonard Passmore